HARAWAY *v.* ZAMBIE.

4-6557        157 S. W. 2d 504

Opinion delivered January 12, 1942.

*C. L. Polk, Jr.,* for appellant.

*J. M. Jackson,* for appellee.

McHANEY, J.   Appellees are real property owners within the limits of Helena Sewer Improvement District No. 1 in the city of Helena, Arkansas, and they brought this action as a class suit for the benefit of themselves and all other owners of real property in said district similarly situated.   Appellants Haraway and Lafe Solomon were two of the commissioners of said district prior to its dissolution as a result of the decision of this court in *Ragsdale* v. *Cunningham,* 201 Ark. 848, 147 S. W. 2d 20.

The complaint alleged that, previous to the said holding of this court, the district through its commissioners attempted to levy a tax upon an assessment of benefits against the property in the district for the purpose of maintaining and operating the sewer system which had already been constructed and that a bond issue by the original district had been paid in full.   It is alleged that appellees had paid the taxes so levied on the betterments so assessed against their property for maintenance purposes.   Also that act 289 of the Acts of 1941, which purports to give cities and towns authority to take over the plant and assets of sewer districts, including money, equipment and facilities in said cities and towns, where the bonded indebtedness of any such district has been paid in full, is unconstitutional and void because it diverts funds paid as taxes for one purpose to another and wholly different purpose.   It is further alleged that the commissioners of said district now have funds on hand and that same constitutes a trust fund for the benefit of the taxpayers who paid same to the district and that same should be refunded to them *pro rata.* Prayer was for appointment of a master to audit the amount of funds on hand belonging to each taxpayer and that a receiver be appointed to take possession of the funds and other assets of the district and distribute same

to the taxpayers who paid same, and to enjoin the commissioners from disposing of said funds.

The commissioners did not appear or plead. The city of Helena intervened by permission of court and demurred to the complaint, which was overruled. The city elected to stand on its demurrer. The court entered an order requiring all funds on hand in said district to be paid into the registry of the court, appointed a master and otherwise granted the relief prayed in the complaint.

As will be seen from the complaint, the city of Helena attempted to create a sewer maintenance district for the purpose of maintaining a sewer system which had been completely constructed by a prior district, with all its indebtedness paid in full. The attempt proved abortive as reflected by our decision in *Ragsdale* v. *Cunningham, supra.* Many property owners had paid the taxes on benefits assessed against their property over a period of about 10 years, before it was determined that the district had not been legally organized. Many property owners wholly failed and refused to pay the taxes so levied. There is a cash fund now on hand and other assets which the city seeks to recover under the provisions of act 289 of 1941.

We agree with appellee that these assets belong to the property owners who paid their taxes, *pro rata*, and that the act in question is unconstitutional as attempting to divert a tax levied for one purpose to another and wholly different purpose. It was so held in *Paving Dist. No. 5* v. *Fernandez*, 142 Ark. 21, 217 S. W. 795. There the paving district had completed the paving it was organized to do and the commissioners had a surplus on hand after paying all obligations. A special act of the legislature authorized the use of this surplus to make repairs and maintain the streets so paved. This court held such special act unconstitutional as authorizing a diversion of such funds. Counsel for the city say that the funds on hand were collected for sewer maintenance and that the city will so use them. There is nothing in said act or elsewhere requiring it to do so. But even if it did use such funds for such purposes, it would be requiring appellees and others similarly situated to bear

an unequal and, therefore, unjust burden, as many property owners have not paid the taxes levied against their property. If the city should credit the fund here involved to its general fund, the same result of inequality of taxation would follow. See, also, *Thibault* v. *McHaney,* 127 Ark. 1, 192 S. W. 183.

We find no error, and the decree is accordingly affirmed.